USCA1 Opinion

 

 June 14, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2316  WILLIAM J. ROBINSON, Plaintiff, Appellant, v. DAVID P. TONIS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert B. Collings, Magistrate Judge] ________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ William J. Robinson on brief pro se. ___________________ Frank A. Smith, III and Frank A. Smith III & Associates, P.C. on ___________________ _____________________________________ brief for appellees. ____________________ ____________________ Per Curiam. The court did not abuse its discretion __________ in first denying plaintiff a continuance and later dismissing plaintiff's action with prejudice when plaintiff did not appear for trial. Plaintiff had sufficient notice of the trial date and adequate time to prepare. Plaintiff's hope or expectation that his case would not be tried until mid- November was unjustified, for it was quite possible throughout that the intervening case would settle. Consequently, plaintiff should have been ready to proceed when the case did settle. Plaintiff argues that dismissal with prejudice was too harsh because he had not exhibited a pattern of delay (instead, he had duly appeared at all prior conferences) and because, plaintiff believes, defendant would not have been prejudiced had plaintiff been permitted to reinstate his case. We disagree. A continuance had been properly denied, the jury had been empaneled, and trial was scheduled to proceed when plaintiff failed to appear. The district court was well within its discretion in concluding that plaintiff's disregard for the court's scheduling order warranted the harshest sanction. See Goldman, Antonetti, Ferraiuoli, ___ _________________________________ Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 691- ___________________ __________________ 92 (1st Cir. 1993); Barreto v. Citibank, 907 F.2d 15, 16 (1st _______ ________ Cir. 1990) (dismissal warranted to deter litigants from -2- misconduct impeding the court's ability to manage its limited resources). We reject plaintiff's attack on the court's allowance of costs to defendant. Even if -- as plaintiff asserts -- defendant agreed not to seek costs if plaintiff discontinued his case, plaintiff essentially repudiated that agreement by moving to vacate the court's order of dismissal and to set his case for trial. Affirmed. ________ -3-